**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TUTOR TIME® LEARNING CENTERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| OLUFEMI PALMER, ELIZABETH PALMER, | ) | |
| LEARNING EDGE ACADEMY, INC., AND | ) | |
| LEARNING BLOCK ACADEMY, INC. | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

## Complaint

Plaintiff, Tutor Time® Learning Centers, LLC, ("Tutor Time®" or "Plaintiff"), as and for

its Complaint against defendants, states as follows:

## Introduction

This is an action for, *inter alia*, trademark infringement, and prevention of continued

dilution of Plaintiff's federally registered trademarks, unfair competition, breach of contract, and

breach of guaranty.  In brief, this case involves defendants, former franchisees of Tutor Time®, a

child care franchise system, who failed to pay required sums under the franchise agreements, and

impermissibly continue to operate one facility as a Tutor Time® despite termination of the

franchise agreement.  Defendants benefitted and continue to benefit from appearing to be

members of the Tutor Time® group and using the Tutor Time® marks and intellectual property

after receiving a notice of termination which required de-identification as specified in the

franchise agreement.  Thus, while originally governed by valid franchise agreements, defendants

breached the franchise agreements and failed to comply with post-termination requirements,

including failing to cease and desist the use of trademarks and a restrictive covenant against competition.

## Parties

1.      Plaintiff Tutor Time® Learning Centers, LLC is a limited liability company organized under the laws of the State of Michigan with a principal place of business located at 21333 Haggerty Road, Suite 300, Novi, Michigan 48375.

2.      The sole member of Tutor Time® Learning Centers, LLC is Childtime Childcare Inc. which is a corporation organized and existing under the laws of the State of Illinois, with its a principal place of business located at 21333 Haggerty Road, Suite 300, Novi, Michigan 48375.

3.      Tutor Time® Learning Centers, LLC is, through the bankruptcy purchase of assets, a successor to Tutor Time® Franchise Learning Centers, Inc.

4.      Upon information and belief, defendant Learning Edge Academy, Inc. is a New Jersey corporation with a main business address located on 313 E Jimmie Leeds Road, Galloway Township, New Jersey.

5.      Upon information and belief, defendant Olufemi Palmer ("Palmer") is an adult individual residing at 5 Kelly Court, Manahawkin, NJ 08050-3051.

6.      Upon information and belief, defendant Elizabeth Palmer is an adult individual residing at 5 Kelly Court, Manahawkin, NJ 08050-3051.

7.      Defendant Learning Edge Academy, Inc., together with defendant Olufemi Palmer and defendant Elizabeth Palmer, operate a childcare center at 213 E. Jimmie Leeds Road, Galloway Township, New Jersey (the "Galloway Location Childcare Center").

8.     Upon information and belief, defendant Learning Block Academy, Inc. is a New Jersey corporation with a main business address located on 920 Cedarbridge Avenue, Brick, New Jersey.

9.     Defendant Learning Block Academy, Inc., together with defendant Olufemi Palmer and defendant Elizabeth Palmer, operated a childcare center located at 920 Cedarbridge Avenue, Brick, New Jersey 08723 (the "Brick Location Childcare Center").

## Jurisdiction and Venue

10.     This is a civil action for declaratory and other relief arising out of intentional, material breaches of contracts perpetrated by certain defendants and against all defendants for trademark dilution, trademark infringement and other violations of the Lanham Act.

11.     This Court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1332(a)(1) based on the diversity of the parties.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

12.     This Court also has jurisdiction over the controversy pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) (original jurisdiction in district courts).

13.     Venue is proper under 28 U.S.C. § 1391.  The proper venue is the District of New Jersey because defendant Olufemi Palmer resides in New Jersey, Learning Edge Academy is a New Jersey corporation, and the Defendants operate a childcare center in New Jersey.

14.     Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

### Plaintiff and Its Business

15.     Plaintiff is a child care franchise systems in the United States, and is widely known as a provider of childcare and educational services.    Over more than two decades, Plaintiff has developed a broad range of trademarks, service marks and logos, along with a broad range of additional intellectual property.  Tutor Time®'s trademarks, service marks and logos are on the principal register of the United States Patent and Trademark Office.  Tutor Time® has the exclusive right to use and to license these marks and their derivations thereof, as well as the distinctive Tutor Time® and Smart curriculums (including SelfSmart®, BodySmart®, NatureSmart®, RhythmSmart®, NumbersSmart® PeopleSmart®, and DesignsSmart®) which provide childcare and education services to the public under the Tutor Time® name.  Tutor Time® or its predecessors have continuously used each of the Tutor Time® Marks since the date of their registration.  Those registrations are in full force and effect, unrevoked, uncancelled, and incontestable.  A nonexclusive list of Tutor Time Marks® is annexed hereto as Exhibit A.

16.     Tutor Time®'s mascot is a panda bear known as "Pookie®."  A true and correct copy of a "Pookie®" rendering is attached hereto as Exhibit B.

17.     "Pookie®" is a registered trademark of Tutor Time®, Serial Number 75208475, Registration Number 2308180.  See Exhibit B.

18.     Through its franchise system, Tutor Time® markets, promotes and provides services to its childcare franchisees throughout the United States.  In order to identify the origin of their childcare and education services, Tutor Time® allows its franchisees to utilize the Tutor Time® Marks.  Tutor Time® has invested substantial effort over a long period of time, including the expenditure of hundreds of thousands of dollars, to develop goodwill in its trade names and

trademarks and to cause consumers throughout the United States to recognize the Tutor Time® Marks as distinctly designating Tutor Time® childcare and learning centers as originating with Tutor Time®.

19.     The value of the goodwill developed in the Tutor Time® Marks is not easily quantifiable into precise monetary terms because Plaintiff is one of the largest childcare franchise systems in the United States and is widely known and trusted as the provider of childcare and education services.  Although the value of the goodwill inherent in the Tutor Time® Marks will be finally determined at trial, it is no less than one million dollars.  The goodwill embodied in the Tutor Time® Marks, and consequently Tutor Time®'s valuable reputation and credibility in the childcare industry, depends on the integrity of the Tutor Time® Marks as source identifiers of Tutor Time®, and not of any other source.

**Defendants and Their Infringing Activities**
*A.  Infringement Occurring At The Galloway Location Childcare Center*

20.     Upon information and belief, Defendants operate the Galloway Location Childcare Center, which upon information and belief, up until approximately summer 2013, has been impermissibly promoted and billed as belonging to the Tutor Time® franchise system.

21.     Through the use of private investigators posing as potential new customers, Tutor Time® confirmed that the Defendants failed to de-identify and unlawfully displayed the Tutor Time® name and Tutor Time® Marks outside of and throughout the Galloway Location Childcare Center and in advertisements for the same.

22.     Defendants are former Tutor Time® franchisees whose franchise agreement for the Galloway Location Childcare Center ("Galloway Location Franchise Agreement") was terminated by written notice on January 5, 2011.  A true and correct copy of the January 5, 2011 termination is annexed hereto as Exhibit C.

5

23.     In accordance with the Galloway Location Franchise Agreement, as referenced in the January 5, 2011 termination letter, Defendants were required to fully de-identify from Tutor Time®.  See Exhibit C.

24.     However, in early 2013, Tutor Time® received an anonymous call stating that there was a Tutor Time® sign posted outside of the Galloway Location Childcare Center.

25.     On or about February 12, 2013, private investigators posing as potential new customers entered the Galloway Location Childcare Center and discovered the shocking use of Tutor Time® Marks both inside and outside, including, most prominently, a large sign bearing the Tutor Time® name and logo at the entrance to the Galloway Location Childcare Center. True and correct copies of photographs and documents from February 13, 2013 visit are annexed hereto as Exhibit D.

26.     On the same date, the private investigators observed the following additional impermissible usage of Tutor Time® Marks, name and logo:

(a)     On a school bus parked at the Galloway Location Childcare Center contained the Tutor Time® name and logo, along with the phrases "Galloway, New Jersey" and "Learning Edge Academy, Inc."  See Exhibit D.

(b)     On a license issued by the State of New Jersey to "Tutor Time Childcare/Learning Center, 213 E Jimmie Leeds RD, Galloway NJ 08205" operated by Olufemi and Elizabeth Palmer, which was posted inside of the Galloway Location Childcare Center, with a date effective through May 30, 2015. See Exhibit D.

(c)     On documents displayed in public areas within the Galloway Location Childcare Center, including on: (1) an "In Charge List"; (2) a list of "Certified Staff Members" with employee names; (3) a list of "Emergency Evacuation & Lockdown Procedures"; (4) a

"Policy on the Release of Children"; (5) a "Policy on Medication Administration"; (6) "Emergency Medical & Injury Procedures"; (7) a list of "Center Closings and Early Dismissal." See Exhibit D.

(d)     On copies of various documents given to private investigators by employees at the Galloway Location Childcare Center, including a vacation request form, and a "Non-Prescription Medical Treatment Instruction, Consent and Waiver."  See Exhibit D.

(e)     On a business card handed to the private investigators, bearing the names "Bridget Fitzgerald," the Center Director, and "Femi and Liz Palmer," the Owners/Operators. See Exhibit D.

(f)     Most unbelievably, on a fabricated flyer entitled "Tutor Time News, Volume 4, Issue 2, Winter 2013," which bears Tutor Time®'s name, logo and website, but is not a document created or used at any other Tutor Time® facility.   See Exhibit D.

27.     Based on the observations made during the private investigator's visit, on February 15, 2013, Tutor Time® transmitted a cease and desist notice to Defendants.  A true and accurate copy of the cease and desist notice is annexed to hereto as Exhibit E.

28.     The cease and desist notice demanded immediate compliance with the Galloway Franchise Location Agreement, which included ceasing use of Tutor Time®'s intellectual property and marks.  See Exhibit E.

29.     On February 20, 2013, defendant Olufemi Palmer participated in a telephone conversation with a licensed private investigator, where he confirmed that he received a termination letter from Tutor Time® for both the Galloway and Brick childcare centers.

30.     Throughout the conversation, it became clear that Defendant Olufemi Palmer is a disingenuous former franchisee who has wholly failed to de-identify from Tutor Time®, in contravention of the franchise agreement and the January 5, 2011 termination letter.

31.     Despite acknowledging that he did not have a current agreement to use the Tutor Time® logo, or any materials, Defendant Olufemi Palmer confirmed that the Tutor Time® sign remained outside of the Galloway Location Childcare Center even after his franchise was terminated.

32.     Then, Defendant Olufemi Palmer blatantly lied and claimed that other than the display of the large outdoor sign, Defendants no longer engaged in any other use of Tutor Time®'s Marks, name and logo and had ceased doing so some time in approximately 2010. Such claim was entirely false and in contravention to the observations made by private investigators only two weeks beforehand.

33.     Defendants continued to misrepresent their use of Tutor Time®'s Marks, name and logo on March 22, 2013, when defendant Elizabeth Palmer, e-mailed the private investigator with a "doctored" picture of a new sign outside of the Galloway Location Childcare Center, stating "I hope this has solved all your problems." The pictured sign was substantially similar to the Tutor Time® sign in font color and style, but stated "Children Academy," in place of Tutor Time®. A true and correct copy of the March 22, 2013 email is annexed hereto as Exhibit F.

34.     Tutor Time® then confirmed that Defendants told an outright falsehood by sending a "doctored" photograph of a fake sign on April 12, 2013, when, contrary to Elizabeth Palmer's representations, private investigators observed that the large outdoor Tutor Time® sign remained in place in front of the Galloway Location Childcare Center. True and accurate copies of April 12, 2013 photographs are annexed hereto as Exhibit G.

35.     On the same date, private investigators again visited the Galloway Location Childcare Center also observed the following:

(a)     The school bus still bore the Tutor Time® name and logo.  See Exhibit G.

(b)     Interior wall postings still contained the Tutor Time® name and logo, colors, design, and patterns, imitating the look and feel of a Tutor Time® franchise. See Exhibit G.

36.     On April 15, 2013, private investigators, once again posing as customers, entered the property and spoke with Center Director Bridget Fitzgerald.

37.     Ms. Fitzgerald seated the private investigators in a room and showed the private investigators a promotional video which contained the Tutor Time® logo at the outset of the video and references to Tutor Time® throughout the video, including:

(a)     Stating "welcome to Tutor Time®" in the beginning of the video;

(b)     Displaying Tutor Time®'s Marks throughout the video;

(c)     Referencing the Tutor Time® Safe and Sound Security System; and

(d)     Referencing Tutor Time®'s LifeSmart® curriculum.

38.     Ms. Fitzgerald then provided the private investigators with her business card, which included the Tutor Time® name and logo, and stated her name and the names "Liz and Femi Palmer" and a copy of a Tutor Time® Pre-K schedule, which provided an overview of "A Pre-K Day," on which she handwrote notes related to cost, and the Galloway Location Childcare Center e-mail address, which was written as "galloway_tutortime@hotmail."   A true and accurate copy of these materials is annexed hereto as Exhibit H.

39.     Ms. Fitzgerald orally represented that the Galloway Location Childcare Center was a Tutor Time® franchisee, and while she claimed that the Galloway Location Childcare

Center would soon have a new name, she also stated in sum and substance that "nothing's changing with our program or staff or building or anything."

40.     The fact that Defendants had been using the Tutor Time® Marks, name and intellectual property is confirmed by a review of an April 16, 2013 post on Defendants' Facebook page, which proves Defendants' persistent failure to de-identify, by stating "Tutor Time Preschools of Atlantic County is now Children's Academy.  We are now looking forward to our new prospects as we transition from franchised schools to independent schools.  Look for our new website launching soon."  A copy of the Facebook page, printed on April 16, 2013 is annexed hereto as Exhibit I.

41.     Prior to summer 2013, Defendants masqueraded as a Tutor Time® childcare facility, without permission and in breach of the Galloway Location Franchise Agreement and January 5, 2011 termination letter, and when caught, Defendants blatantly lied and made false claims related to the de-identification of the Galloway Location Childcare Facility.

### B.  The Relationship Between the Parties

42.     On or about March 31, 2001, Tutor Time® and defendant Olufemi Palmer entered into a Tutor Time® Franchise Agreement for the operation of the Brick Location Childcare Center (the "Brick Location Franchise Agreement").

43.     On or about September 20, 2005, the Brick Location Franchise Agreement was re-assigned to defendant Learning Block Academy, Inc.

44.     Upon information and belief, defendant Olufemi Palmer was the president of defendant Learning Block Academy, Inc.

45.     On or about April 3, 2001, defendant Olufemi Palmer and defendant Elizabeth Palmer executed a Personal Guaranty and Subordination Agreement ("Brick Location

Guaranty"), which would remain in full force and effect throughout the Brick Location Franchise Agreement, and all renewals and extensions.  Under the Personal Guaranty, defendant Olufemi Palmer and defendant Elizabeth Palmer are obligated for all indebtedness arising under the Brick Location Franchise Agreement, including but not limited to franchise fees, royalty fees, interest and attorney fees.

46.    Thereafter, on or about August 19, 2005, Tutor Time® and defendant Learning Edge Academy, Inc. entered into the Galloway Location Franchise Agreement for the operation of the Galloway Location Childcare Center, located at 213 E. Jimmie Leeds Road, Galloway Township, NJ 08205.

47.    The Galloway Location Franchise Agreement was signed by defendant Olufemi Palmer, who is the President of Learning Edge Academy, Inc. (collectively referred to as "Defendants"), which has a main business address located on 313 E Jimmie Leeds Road, Galloway Township, New Jersey.  A true and accurate copy of the business entity information is annexed hereto as Exhibit K.

48.    Upon information and belief, defendant Olufemi Palmer and defendant Elizabeth Palmer executed a Personal Guaranty and Subordination Agreement ("Galloway Location Guaranty"), which would remain in full force and effect throughout the Galloway Location Franchise Agreement, and all renewals and extensions.  Under the Personal Guaranty, defendant Olufemi Palmer and defendant Elizabeth Palmer are obligated for all indebtedness arising under the Galloway Location Franchise Agreement, including but not limited to franchise fees, royalty fees, interest and attorney fees.

49.    Over the course of a period of years, Tutor Time® issued multiple notices of default and consequent termination letters to Defendants in connection with both the Brick

Location Franchise Agreement and the Galloway Location Franchise Agreement, due to Defendants' persistent and ongoing failure to satisfy their obligations, including, but not limited to, payment of royalties.

50.     After issuing a notice of termination, representatives of Tutor Time®, in the interest of obtaining payment due and owing under the Brick and Galloway Location Franchise Agreements, would engage in negotiations with the Defendants and upon receipt of partial payment of royalties would reinstate both the Galloway Location Franchise Agreement and the Brick Location Franchise Agreement, with the understanding that full payment of royalties would be forthcoming in accordance with a negotiated payment schedule.

51.     On July 31, 2008, Tutor Time® notified Defendants Olufemi Palmer, Elizabeth Palmer and Learning Block Academy, Inc. that they were in default of obligations under the Brick Location Franchise Agreement. A true and accurate copy of the Brick Location Franchise Agreement notice of default is annexed hereto as Exhibit L.

52.     According to the July 31, 2008 letter, Defendants Olufemi, Elizabeth Palmer and Learning Block Academy, Inc. failed to satisfy their obligations under the Brick Location Franchise Agreement, including, but not limited to: (1) failure to pay royalties; (2) failure to pay advertising fund contributions from February through June 2008; and (3) failure to pay technology support fees, leading to an outstanding sum of approximately $34,303.40.

53.     Accordingly, the Brick Location Franchise Agreement was duly terminated by letter to Defendants dated October 7, 2008.  A true and accurate copy of the termination letter is annexed hereto as Exhibit M.

54.     As part of continued negotiations, which resulted in partial royalties paid by Defendants, Tutor Time® reinstated the Brick Location Franchise Agreement.  A true and

accurate copy of the October 8, 2008 email from Defendants regarding the reinstatement is annexed hereto as Exhibit N.

55.     Then, for a second time, on March 10, 2009, Tutor Time® notified Defendants Olufemi, Elizabeth Palmer and Learning Block Academy, Inc. that they were in default of obligations under the Brick Location Franchise Agreement.  A true and accurate copy of the second Brick Location Franchise Agreement notice of default is annexed hereto as Exhibit O.

56.     According to the March 10, 2009 letter, Defendants Olufemi Palmer, Elizabeth Palmer and Learning Block Academy, Inc. failed to satisfy their obligations under the Brick Location Franchise Agreement, including, but not limited to:  (1) failure to pay royalties; (2) failure to pay advertising fund contributions; and (3) failure to pay technology support fees, leading to an outstanding sum of approximately $72,232.27.

57.     Accordingly, the Brick Location Franchise Agreement was duly terminated by letter to Defendants Olufemi Palmer, Elizabeth Palmer and Learning Block Academy, Inc., dated May 20, 2009.  A true and accurate copy of the termination letter is annexed hereto as Exhibit P.

58.     As part of continued negotiations, Tutor Time® reinstated the Brick Location Franchise Agreement, due to receipt of a partial royalty payment on July 18, 2009.

59.     Then, for a third time, on January 21, 2010, Tutor Time® notified Defendants Olufemi Palmer, Elizabeth Palmer and Learning Block Academy, Inc. that they were in default of obligations under the Brick Location Franchise Agreement.  A true and accurate copy of the third Brick Location Franchise Agreement notice of default is annexed hereto as Exhibit Q.

60.     According to the January 21, 2010 letter, Defendants Olufemi Palmer, Elizabeth Palmer and Learning Block Academy, Inc. failed to satisfy their obligations under the Brick Location Franchise Agreement, including, but not limited to:  (1) failure to pay royalties; (2)

failure to pay advertising fund contributions; and (3) failure to pay technology support fees, leading to an outstanding sum of approximately $114,862.62.

61.     Despite engaging in discussions with Defendants in response to the January 21, 2010 notice of default, the parties were unable to reach an agreement related to the monies owed to Tutor Time® as set forth under the Brick Location Franchise Agreement.

62.     Accordingly, the Brick Location Franchise Agreement was duly terminated by letter to Defendants Olufemi Palmer, Elizabeth Palmer and Learning Block Academy, Inc., dated January 5, 2011.  A true and accurate copy of the terminated letter is annexed hereto as Exhibit R.

63.     Upon information and belief, even after the January 5, 2011 termination of the Brick Location Franchise Agreement, the Brick Location Childcare Facility continued to impermissibly operate.

64.     Upon information and belief, the childcare facility operated by Defendants Olufemi Palmer, Elizabeth Palmer and Learning Block Academy, Inc., in Brick, New Jersey closed in August 2011.

65.     On July 31, 2008, Tutor Time® notified Defendants Olufemi Palmer, Elizabeth Palmer and Learning Edge Academy, Inc. that they were in default of obligations under the Galloway Location Franchise Agreement. A true and accurate copy of the second notice of default is annexed hereto as Exhibit S.

66.     According to the July 31, 2008 letter, Defendants failed to satisfy their obligations under the Galloway Location Franchise Agreement, including, but not limited to: (1) failure to pay royalties; (2) failure to pay advertising fund contributions; and (3) failure to pay technology support fees, leading to an outstanding sum of approximately $22,915.76.

67.     Accordingly, the Galloway Location Franchise Agreement was duly terminated by letter to Defendants Olufemi Palmer, Elizabeth Palmer and Learning Edge Academy, Inc., dated October 7, 2008.  A true and accurate copy of the termination letter is annexed hereto Exhibit T.

68.     As part of continued negotiations, which resulted in partial royalties paid by Defendants, Tutor Time® reinstated the Galloway Location Franchise Agreement.

69.     Then, for a second time, on March 10, 2009, Tutor Time® notified Defendants Olufemi Palmer, Elizabeth Palmer and Learning Edge Academy, Inc. that they were in default of obligations under the Galloway Location Franchise Agreement. A true and accurate copy of the second Galloway Location Franchise Agreement notice of default is annexed hereto as Exhibit U.

70.     According to the March 10, 2009 letter, Defendants failed to satisfy their obligations under the Galloway Location Franchise Agreement, including, but not limited to: (1) failure to pay royalties; (2) failure to pay advertising fund contributions; and (3) failure to pay technology support fees, leading to an outstanding sum of approximately $39,417.67.

71.     Accordingly, the Galloway Location Franchise Agreement was duly terminated by letter to Defendants dated May 20, 2009.  A true and accurate copy of the termination letter is annexed hereto as Exhibit V.

72.     As part of continued negotiations, Tutor Time® reinstated the Galloway Location Franchise Agreement, due to receipt of a partial royalty payment on June 25, 2009.

73.     Then, for a third time, on January 21, 2010, Tutor Time® notified Defendants Olufemi Palmer, Elizabeth Palmer and Learning Edge Academy, Inc. that they were in default of

obligations under the Galloway Location Franchise Agreement. A true and accurate copy of the third Galloway Location Franchise Agreement notice of default is annexed hereto as Exhibit W.

74.     According to the January 21, 2010 letter, Defendants Olufemi Palmer, Elizabeth Palmer and Learning Edge Academy, Inc. failed to satisfy their obligations under the Galloway Location Franchise Agreement, including, but not limited to: (1) failure to pay royalties; (2) failure to pay advertising fund contributions; and (3) failure to pay technology support fees, leading to an outstanding sum of approximately $68,528.45.

75.     Defendants Olufemi Palmer, Elizabeth Palmer and Learning Edge Academy, Inc. have not paid royalties or other monies as required under the Galloway Location Franchise Agreement since June 25, 2009.

76.     Despite engaging in discussions with Defendants in response to the January 21, 2010 notice of default, the parties were unable to reach an agreement related to the monies owed to Tutor Time® as set forth under the Galloway Location Franchise Agreement.

77.     Accordingly, the Galloway Location Franchise Agreement was duly terminated by letter to Defendants Olufemi Palmer, Elizabeth Palmer and Learning Edge Academy, Inc., dated January 5, 2011.  See Exhibit C.

78.     Tutor Time® did not reinstate the Galloway Location Franchise Agreement.

79.     Notwithstanding the valid termination of the Galloway Franchise Location Agreement, since the termination of the Galloway Franchise Location Agreement, and Defendants' consequential loss of any limited right to the Tutor Time® Marks and intellectual property, Defendants, without Tutor Time®'s knowledge and in contravention of both the Galloway Franchise Location Agreement and January 5, 2011 termination letter, continued to make use of the Tutor Time® Marks and intellectual property and continued to utilize and

display various Tutor Time® Marks and intellectual property in a manner calculated to suggest to consumers that the Galloway Location Childcare Center, owned and operated by Defendants, is a Tutor Time® franchisee.

80.     Upon information and belief, Defendants' blatant use of Tutor Time® Marks and intellectual property only ceased in or around summer 2013, approximately four months after Tutor Time® forwarded a cease and desist notice, and over two years after the January 5, 2011 letter terminating the Galloway Location Franchise Agreement.

81.     Defendants' actions breached the Galloway Location Franchise Agreement.

### C.  Pookie Panda

82.     Section 19.2(a) of the Galloway Location Franchise Agreement sets forth that upon termination or expiration of the Galloway Location Franchise Agreement: "You shall not use the Marks and System in any manner whatsoever.  You shall cease immediately operating the Learning Center and shall not identify or represent that You are operating a Learning Center or that You are or were a Tutor Time franchisee."

83.     Section 19.2(b) of the Galloway Location Franchise Agreement sets forth that upon termination or expiration of the Galloway Location Franchise Agreement: "Upon Tutor Time's written request, You shall change the premises in the manner and in the time period (not to be less than thirty (30) days) required by Tutor Time to distinguish the Premises from its former appearance and from any Tutor Time Child Care Learning Center."

84.     The January 5, 2011 letter demands that Defendants abide by the required process for de-identification, as established by Section 19.2 of the Galloway Location Franchise Agreement.  See Exhibit C.

85.     Upon information and belief, Defendants removed the large outdoor Tutor Time® sign in or around summer 2013.

86.     In or around summer 2013, Defendants installed a new sign in front of the Galloway Location Childcare Center.   True and accurate photographs of the new sign are attached hereto as Exhibit J.

87.     The new sign reads "Children Academy" and has a rendering of a panda bear. See Exhibit J.

88.     Section 2.1 of the Galloway Location Franchise Agreement sets forth that Tutor Time® holds exclusive assignment of certain intellectual property rights, including the design and words "Pookie Panda."

89.     The panda on the Galloway Location Childcare Center sign is almost identical in appearance to Pookie®, Tutor Time®'s mascot.  See Exhibits B and J.

90.     As a result, likelihood of confusion will arise due to the similarities between Pookie® and the panda on the Galloway Location Childcare Center sign, as well as between the colors, design, patterns used by the Galloway Location Childcare Center, which emulate the look and feel of a Tutor Time® franchise.

91.     Upon information and belief, Defendants continue to operate the Galloway Location Childcare center by using marketing materials that emulate the look and feel of a Tutor Time® franchise by adopting a similar logo, colors, design and patterns, giving rise to a likelihood of confusion.

## AS TO A FIRST CAUSE OF ACTION AGAINST LEARNING EDGE ACADEMY, INC. AND LEARNING BLOCK ACADEMY, INC. (DECLARATORY JUDGMENT)

92.     Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

93.     The Galloway Location Franchise Agreement was terminated on January 5, 2011 pursuant to the terms the Franchise Agreement and the January 21, 2010 notice of default.

94.     Despite the termination of the Galloway Location Franchise Agreement, Defendant failed to comply with Plaintiff's post-termination obligations and up until approximately summer 2013 used and displayed, without permission, license, or valid franchise agreement, various Tutor Time® Marks in operation of the Galloway Location Childcare Center.

95.     Pursuant to the federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.), Tutor Time® is entitled to a declaratory judgment by this Court that the Galloway Location Franchise Agreement has been effectively and validly terminated pursuant to the Termination Letter, due to Defendant's failure to cure the notices of default and in compliance with the terms set forth in the Galloway Franchise Location Agreement.

96.     Tutor Time® is also entitled to a declaratory judgment by this Court that the Brick Location Franchise Agreement has been effectively and validly terminated pursuant to the Termination Letter, due to Defendant's failure to cure the notices of default and in compliance with the terms set forth in the Brick Franchise Location Agreement.

97.     Tutor Time® is also entitled to a declaratory judgment by this Court that the new Galloway Location Childcare Center sign displays a panda bear that bears substantial likeness to

Tutor Time®'s mascot, Pookie®, and Defendants' actions in displaying this rendering gives rise to a likelihood of confusion.

98.    Tutor Time® is also entitled to a declaratory judgment by this Court that: Defendants (i) are not authorized to use or display the Tutor Time® marks, (ii) must comply with all terms of the Galloway Franchise Location Agreement and the Brick Location Franchise Agreement including, but not limited to, payment of all royalties and advertising fees and complete performance of all post-termination obligations, and (iii) must comply with the post-termination non-compete provision of the Galloway Location Franchise Agreement.

**AS TO A SECOND CAUSE OF ACTION AGAINST DEFENDANT LEARNING EDGE ACADEMY, INC.**
**(VIOLATIONS OF THE LANHAM ACT:  TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE REPRESENTATION OF FACTS, DILUTION AND REQUST FOR INJUNCTIVE RELIEF)**

99.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

100.    This claim arises under the Federal Trademark Act, 15 U.S.C. § 1051-1127.

101.    Tutor Time® owns certain proprietary marks and licenses, (the "Tutor Time® Marks").   Tutor Time® licenses and grants the right to use the Tutor Time® Marks to franchisees operating Tutor Time® childcare centers pursuant to the terms of a valid franchise agreement.

102.    Tutor Time® is now and has been extensively engaged in the business of operating and franchising childcare centers throughout the United States.   In connection therewith, Tutor Time® uses a number of trademarks and service marks including "Tutor Time®".

103.    Since prior to the acts complained of herein, Tutor Time® has extensively used the Tutor Time® Marks to identify its childcare centers, its products as Tutor Time® products, and to distinguish its services and products from those made and offered by others.  Tutor Time® has also invested substantial time and money to develop and promote the Tutor Time® Marks in connection with its franchising and licensing program, and the marketing and sale of its services and related goods by, *inter alia*, prominently displaying Tutor Time® Marks on signs, workbooks, handouts, letterheads, bills, direct mail advertising, telephone directory advertising, Internet advertising and in periodicals distributed throughout the United States.

104.    As a result, Tutor Time®'s Marks are distinctive and highly regarded by the consuming public, signifying Tutor Time® as the source of high quality, reliable childcare services and educational tools.  The Tutor Time® Marks have become, though widespread and favorable public acceptance and recognition, assets of substantial value.

105.    Section 2.1 of the Galloway Location Franchise Agreement sets forth that Tutor Time® holds exclusive assignment of certain intellectual property rights, including the design and words "Pookie Panda."

106.    Defendant has no right or authority to display or utilize the Tutor Time® Marks at the Galloway Location Childcare Center after termination of the Galloway Franchise Agreement.

107.    In addition to Defendant's contractual obligation to comply with all the post-termination obligations, on January 5, 2011 Tutor Time® specifically advised Defendant of the post-termination obligations and demanded compliance.

108.    With full knowledge of Tutor Time®'s rights in its proprietary Marks and intellectual property, Defendant has intentionally and willfully infringed on the same by failing to comply with the post-termination obligations set forth in the Galloway Franchise Agreement.

109.    Upon information and belief, since the termination of the Galloway Franchise Agreement, Defendant continued to make use of the Tutor Time® Marks and intellectual property up until sometime in summer 2013.

110.    Upon information and belief, after the termination of the Galloway Location Franchise Agreement, Defendant held the Galloway Location Childcare Center out as a Tutor Time® franchisee through, *inter alia*, Internet advertising, marketing materials and signage.

111.    Upon information and belief, the Galloway Location Childcare Center is not being managed and operated to the high standards demanded by Tutor Time® of its franchisees.

112.    Defendant's use and display of the Tutor Time® Marks and intellectual property in connection with childcare centers and schools created in the minds of purchasers and potential purchasers a direct association with Tutor Time®, this irreparably harms the value of the Tutor Time® Marks and the Tutor Time® franchise system, and injures Tutor Time®'s reputation and good will.

113.    Even after receiving a demand to cease all such activity, Defendant persists in using Tutor Time® Marks and intellectual property by installing a new sign in or around summer 2013.

114.    By containing the rendering of a panda bear almost identical in appearance to Pookie®, Tutor Time®'s mascot, and using similar colors, the new sign gives rise to a likelihood of confusion.

115.    These acts are being committed with the intent and purpose of appropriating and trading upon the good will and reputation of the Tutor Time® Marks, to the detriment of Tutor Time® and the good will the public has come to associate with said marks.

116.    By virtue of the aforementioned acts, Defendant has (i) intentionally created a likelihood of confusion as to the origin of the childcare services they are providing thereby violating Section 32(l) of the Lanham Act, 15 U.S.C. §1114(l) or other applicable law, (ii) made a false or misleading representation of fact by continuing to display and use the Tutor Time® Marks thereby creating a strong likelihood of consumer confusion and the deceiving of consumers who believe Defendant's childcare centers are affiliated with Tutor Time® in violation of Section 43(a) of the Lanham Act 15 U.S.C. §1125(a) or other applicable law, and (iii) caused dilution of the quality of the Tutor Time® Marks in violation of section 43(c) of the Lanham Act 15 U.S.C. §1125(c) or other applicable law because the Galloway Location Childcare Center continues to operate by displaying signs and using marketing materials that emulate Tutor Time® Marks, logo, colors, design and patterns, but the center now operates without supervision or control by Tutor Time® which will tarnish Tutor Time®'s goodwill and business reputation.

117.    Therefore, Tutor Time® prays for judgment as set forth below and an accounting and disgorgement of Defendant's profits.

118.    In addition, pursuant to Section 34 of the Lanham Act:   "courts vested with jurisdiction of civil action arising under this Act shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 43."  15 U.S.C. § 1116.

119.    Here, Defendant's use of the Tutor Time® Marks and intellectual property without authorization constitutes infringement of the Tutor Time® Marks in violations of Sections 32, 43(a) and 43(c) of the Lanham Act or other applicable law.   Therefore, Tutor

Time® is also entitled to, and respectfully requests, injunctive relief for Defendant's violations of these sections.

120.    Plaintiff seeks all fees, costs and expenses that arise under the Galloway Location Franchise Agreement, including under Section 21.17, which entitles Plaintiff to attorneys' fees and costs.

### AS TO A THIRD CAUSE OF ACTION AGAINST DEFENDANT OLUFEMI PALMER AND LEARNING EDGE ACADEMY, INC. (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW)

121.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

122.    Defendants' aforesaid acts constitute willful and intentional trademark infringement and unfair competition under the common law of the State of New Jersey. Defendants engaged in unfair competition with Plaintiff by using the Tutor Time® Marks and intellectual property in a manner which likely deceived and confused the public into believing that defendants and their services were those of Plaintiff or were licensed by, endorsed by, or otherwise associated with Plaintiff, and by misappropriating or attempting to misappropriate Plaintiff's trademark and logo, goodwill and reputation and the related expenditures of time, resources and labor in connection therewith.

123.    By reason of the foregoing, Plaintiff has been greatly damaged by Defendants' impermissible use of the Tutor Time® Marks and intellectual property and, unless defendants are restrained by this Court, may continue to be irreparably damaged with no adequate remedy at law.

**AS TO A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS OLUFEMI
PALMER AND LEARNING EDGE ACADEMY, INC.
(TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER MICHIGAN
COMMON LAW)**

124.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and
every allegation set forth in the entirety of this complaint, with the same force and effect as
though fully set forth at length herein.

125.    Defendants' aforesaid acts constitute willful and intentional trademark
infringement and unfair competition under the common law of the State of Michigan.

126.    Defendants engaged in unfair competition with Plaintiff by using the Tutor
Time® Marks and intellectual property in a manner which likely deceives and confuses the
public into believing that defendants and their services were those of Plaintiff or were licensed
by, endorsed by, or otherwise associated with Plaintiff, and by misappropriating or attempting to
misappropriate Plaintiff's trademark and logo, goodwill and reputation and the related
expenditures of time, resources and labor in connection therewith.

127.    By reason of the foregoing, Plaintiff has been greatly damaged by Defendants'
impermissible use of the Tutor Time® Marks and intellectual property and, unless defendants are
restrained by this Court, will continue to be irreparably damaged with no adequate remedy at
law.

**AS TO A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS OLUFEMI PALMER
AND LEARNING EDGE ACADEMY, INC.
(UNFAIR BUSINESS PRACTICES UNDER THE MICHIGAN CONSUMER
PROTECTION ACT)**

128.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and
every allegation set forth in the entirety of this complaint, with the same force and effect as
though fully set forth at length herein.

129.   Defendants' aforesaid acts constitute unfair, unconscionable or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of the Michigan Consumer Protection Act and (Mich. Comp. Laws. Ann. § 445-901 et seq.) or other applicable law.

130.   By reason of the foregoing, Plaintiff has been greatly damaged by Defendants' use of the Tutor Time® Marks and intellectual property and, unless defendants are restrained by this Court, will continue to be irreparably damaged with no adequate remedy at law.

**AS TO A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS OLUFEMI PALMER AND LEARNING EDGE ACADEMY, INC.
(DILUTION AND INJURY TO BUSINESS REPUTATION UNDER N.J.S.A. 56:3-13.16)**

131.   Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

132.   Defendants' aforesaid acts are likely to injure the business reputation of Plaintiff and dilute the distinctive quality of the Tutor Time® Marks in violation of N.J.S.A. 56:3-13.16 and other applicable laws.

133.   By reason of the foregoing, Plaintiff has been greatly damaged by Defendants' use of the Tutor Time® Marks and intellectual property and, unless Defendants are restrained by this Court, will continue to be irreparably damaged with no adequate remedy at law.

**AS TO A SEVENTH CAUSE OF ACTION AGAINST ALL OLUFEMI PALMER AND LEARNING EDGE ACADEMY, INC.
(UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT UNDER N.J.S.A. 56:4-1)**

134.   Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

135.    Defendants' aforesaid acts have likely injured and may continue to injure the business reputation of Plaintiff and dilute the distinctive quality of the Tutor Time® Marks in violation of N.J.S.A. 56:4-1 and other applicable laws.

136.    By reason of the foregoing, Plaintiff has been greatly damaged by Defendants' use of the Tutor Time® Marks and intellectual property and, unless Defendants are restrained by this Court, will continue to be irreparably damaged with no adequate remedy at law.

**AS TO AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS OLUFEMI PALMER AND LEARNING EDGE ACADEMY, INC. (COMPENSATORY DAMAGES UNDER SECTION 35 OF THE LANHAM ACT)**

137.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

138.    Pursuant to Section 35 of the Lanham Act, Tutor Time® is entitled to compensatory damages for defendants' violations of the Act and, in the case of intentional violation of Section 32 of the Act, judgment for three times profits or damages, whichever is greater, together with reasonable attorneys' fees.

139.    As discussed herein, defendants have violated Sections 32, 43(a) and 43(c) of the Lanham Act.   In addition there is no doubt that defendants' violations of Section 32 were intentional, as Defendants were instructed to cease and desist using the Tutor Time® Marks and intellectual property on multiple occasions.

140.    Defendants' intent in violating the Lanham act is further evidenced by the telephone conversation between defendant Olufemi Palmer and the private investigator.

141.    Therefore, Tutor Time® is entitled to compensatory damages, treble damages, attorneys' fees, and the costs of this action.

27

## AS TO A NINTH CAUSE OF ACTION AGAINST DEFENDANT LEARNING EDGE ACADEMY, INC.
## (BREACH OF CONTRACT FOR FAILURE TO PAY FEES)

142.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

143.    The parties had a contractual agreement, the Galloway Location Franchise Agreement, pursuant to which Defendant was obligated to, *inter alia,* provide financial reports to Tutor Time® and to pay certain costs and fees associated with its role as a franchisee of Tutor Time®.

144.    Plaintiff has met all its obligations under the Galloway Location Franchise Agreement.

145.    Defendant intentionally and materially breached the Galloway Location Franchise Agreement as described herein by, *inter alia*, refusing to provide financial reports as specified in the Galloway Location Franchise Agreement and not paying the costs and fees owed pursuant to the Galloway Location Franchise Agreement.

146.    As a result of Defendant's material breaches of the Galloway Location Franchise Agreement, Defendant proximately and directly harmed Plaintiff and caused financial loss to Tutor Time®.

147.    Tutor Time® has been damaged in an amount to be determined at trial, and should in addition be awarded compensatory damages in an amount to be determined at trial, pre-judgment and post-judgment interest, and such other and further relief as this Court may deem just and proper.

148.    Due to Defendant's breach, Tutor Time® seeks all fees, costs and expenses that arise under the Galloway Location Franchise Agreement, including under Section 21.17, which entitles Tutor Time® to attorneys' fees and costs.

**AS TO A TENTH CAUSE OF ACTION AGAINST DEFENDANT LEARNING BLOCK
ACADEMY, INC.
(BREACH OF CONTRACT FOR FAILURE TO PAY FEES)**

149.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

150.    The parties had a contractual agreement, the Brick Location Franchise Agreement, pursuant to which Defendant Learning Block Academy, Inc. was obligated to, *inter alia,* provide financial reports to Tutor Time® and to pay certain costs and fees associated with its role as a franchisee of Tutor Time®.

151.    Plaintiff has met all its obligations under the Brick Location Franchise Agreement.

152.    Defendant intentionally and materially breached the Brick Location Franchise Agreement as described herein by, *inter alia*, refusing to provide financial reports as specified in the Brick Location Franchise Agreement and not paying the costs and fees owed pursuant to the Brick Location Franchise Agreement.

153.    As a result of Defendant's material breaches of the Brick Location Franchise Agreement, Defendant proximately and directly harmed Plaintiff and caused financial loss to Tutor Time®.

154.    Tutor Time® has been damaged in an amount to be determined at trial, and should in addition be awarded compensatory damages in an amount to be determined at trial,

pre-judgment and post-judgment interest, and such other and further relief as this Court may deem just and proper.

155.    Due to Defendant's breach, Tutor Time® seeks all fees, costs and expenses that arise under the Brick Location Franchise Agreement, including under Section 12.14, which entitles Tutor Time® to attorneys' fees and costs.

## AS TO AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT LEARNING EDGE ACADEMY, INC.
### (BREACH OF CONTRACT FOR FAILURE TO COMPLY WITH POST-TERMINATION OBLIGATIONS)

156.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

157.    The Galloway Location Franchise Agreement was duly terminated by letter dated January 5, 2011.

158.    Despite termination of the Galloway Location Franchise Agreement, Defendant failed to comply with the contractual post-termination obligations contained in Section 19.2 of the Galloway Location Franchise Agreement.

159.    Plaintiff has performed all its obligations (including post-termination obligations) under the Galloway Location Franchise Agreement.

160.    As a result of Defendant's intentional material breaches of the post-termination provisions of the Galloway Location Franchise Agreement, Defendant proximately and directly harmed Plaintiff and caused financial loss to Tutor Time®.

161.    Tutor Time® has been damaged in an amount to be determined at trial and should in addition be awarded compensatory damages in an amount to be determined at trial, pre-

judgment and post-judgment interest, and such other and further relief as this Court may deem just and proper.

162.    Due to Defendant's breach, Tutor Time® seeks all fees, costs and expenses that arise under the Galloway Location Franchise Agreement, including under Section 21.17, which entitles Tutor Time® to attorneys' fees and costs.

## AS TO A TWELFTH CAUSE OF ACTION AGAINST DEFENDANT LEARNING BLOCK ACADEMY, INC. (BREACH OF CONTRACT FOR FAILURE TO COMPLY WITH POST-TERMINATION OBLIGATIONS)

163.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

164.    The Brick Location Franchise Agreement was duly terminated by letter dated January 5, 2011.

165.    Despite termination of the Brick Location Franchise Agreement, Defendant Learning Block Academy, Inc. failed to comply with the contractual post-termination obligations contained in Section 9.2.8 of the Brick Location Franchise Agreement.

166.    Plaintiff has performed all its obligations (including post-termination obligations) under the Brick Location Franchise Agreement.

167.    As a result of Defendant's intentional material breaches of the post-termination provisions of the Brick Location Franchise Agreement, Defendants proximately and directly harmed Plaintiff and caused financial loss to Tutor Time®.

168.    Tutor Time® has been damaged in an amount to be determined at trial and should in addition be awarded compensatory damages in an amount to be determined at trial, pre-

judgment and post-judgment interest, and such other and further relief as this Court may deem just and proper.

169.     Due to Defendant's breach, Tutor Time® seeks all fees, costs and expenses that arise under the Brick Location Franchise Agreement, including under Section 12.14, which entitles Tutor Time® to attorneys' fees and costs.

**AS TO A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT LEARNING EDGE ACADEMY, INC.
(VIOLATION OF COVENANT NOT TO COMPETE)**

170.     Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

171.     Section 20.3.1 of the Galloway Location Franchise Agreement contained valid and enforceable covenants not to compete which, *inter alia,* restrict Defendant from operating or owning, any Competitive Business that is located within the protected area, within fifteen (15) miles of the approved location, and within fifteen (15) miles of any existing  Tutor Time® childcare center.

172.     Upon information and belief, Defendant does currently and plan to continue owning and operating a childcare facility at the current Galloway Location Childcare Center which is a direct violation of the applicable post-term competitive restrictions.

173.     Defendant's usage of the knowledge they have gained from Tutor Time® to continue the operation of the Galloway Location Childcare under another name is likely to confuse customers and damage Tutor Time®'s goodwill as well as its relationship with other franchisees.

174.    Plaintiff is thus greatly damaged by Defendant's breach of the covenant not to compete and, unless defendants are restrained by this Court, will continue to be irreparably damaged with no adequate remedy at law.

175.    Due to Defendant's breach, Tutor Time® seeks all fees, costs and expenses that arise under the Galloway Location Franchise Agreement, including under Section 21.17, which entitles Tutor Time® to attorneys' fees and costs.

## AS TO A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT LEARNING EDGE ACADEMY, INC. (ADDITIONAL DAMAGES FOR BREACH OF CONTRACT)

176.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

177.    Defendant's failure to comply with Galloway Location Franchise Agreement by, *inter alia*, refusing to pay fees due and owing, led to the termination of the Galloway Location Franchise Agreement.

178.    Plaintiff substantially performed all of its obligations under the Galloway Location Franchise Agreement.

179.    As a natural and proximate result of Defendant's material breach of the Galloway Location Franchise Agreement and the subsequent termination of the Galloway Location Franchise Agreement, Plaintiff has been deprived of the benefit of its bargain for the continuous operation of the Galloway Location Childcare Center for the full fifteen (15) year term of the Galloway Franchise Location Agreement.

180.    Section 19.2(i) of the Galloway Location Franchise Agreement clearly states that if the Agreement is terminated due to Defendant's defaults Plaintiff has "the right to recover

damages as compensation for lost profits." As such, Plaintiff's right to recover damages for lost profits were well within the contemplation of the parties when they entered into the Galloway Location Franchise requiring performance by Defendant for a term of fifteen years.

181.    As a natural and proximate result of Defendant's material breach of the Galloway Location Franchise Agreement and the subsequent termination of the Galloway Location Franchise Agreement, Plaintiff has sustained damages in an amount that will be finally determined at trial.

182.    Due to Defendant's breach, Tutor Time® seeks all fees, costs and expenses that arise under the Galloway Location Franchise Agreement, including under Section 21.17, which entitles Tutor Time® to attorneys' fees and costs.

### AS TO A FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT LEARNING BLOCK ACADEMY, INC. (ADDITIONAL DAMAGES FOR BREACH OF CONTRACT)

183.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

184.    Defendant's failure to comply with Brick Location Franchise Agreement by, *inter alia*, refusing to pay fees due and owing, led to the termination of the Brick Location Franchise Agreement.

185.    Plaintiff substantially performed all of its obligations under the Brick Location Franchise Agreement.

186.    As a natural and proximate result of Defendant's material breach of the Brick Location Franchise Agreement and the subsequent termination of the Brick Location Franchise Agreement, Plaintiff has been deprived of the benefit of its bargain for the continuous operation

of the Brick Location Childcare Center for the full fifteen (15) year term of the Brick Franchise Location Agreement.

187.    Section 11.4.2.3 of the Brick Location Franchise Agreement clearly states that if the Agreement is terminated due to Defendant's defaults Plaintiff has "the right to recover damages as compensation for lost profits."  As such, Plaintiff's right to recover damages for lost profits were well within the contemplation of the parties when they entered into the Brick Location Franchise requiring performance by Defendant for a term of fifteen years.

188.    As a natural and proximate result of Defendant's material breach of the Brick Location Franchise Agreement and the subsequent termination of the Galloway Location Franchise Agreement, Plaintiff has sustained damages in an amount that will be finally determined at trial.

189.    Due to Defendant's breach, Tutor Time® seeks all fees, costs and expenses that arise under the Brick Location Franchise Agreement, including under Section 12.14, which entitles Tutor Time® to attorneys' fees and costs.

### AS TO A SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANTS OLUFEMI PALMER AND ELIZABETH PALMER (BREACH OF THE BRICK LOCATION GUARANTY)

190.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

191.    As set forth herein, Defendants have failed and refused to pay the amounts due under the Brick Location Agreement, despite Plaintiff's demand of the same.

192.     Under the terms of the Brick Location Guaranty, Defendants unconditionally guaranteed to Plaintiff prompt full payment and performance of all obligations that are or become due to Tutor Time®.

193.     On the strength of, and in reliance upon said Brick Location Guaranty, Plaintiff entered into the Brick Location Franchise Agreement with Defendant Olufemi Palmer.

194.     Defendants are liable under the Brick Location Guaranty to Plaintiff, in the full amount due from Defendant Olufemi Palmer, together with all interest thereon, and all reasonable costs and attorneys' fees incurred by Plaintiff pursuant to the terms of the Brick Location Guaranty.

195.     Plaintiff remains the holder and owner of the subject Brick Location Guaranty and has met its obligations under the Brick Location Franchise Agreement and Guaranty.

196.     In multiple correspondences, Plaintiff notified Defendants of the monetary defaults and demanded payment.

197.     Defendants failed to pay and perform their obligations as required by the terms of the Brick Location Guaranty.

198.     Accordingly, Defendants have failed to perform their obligations to Plaintiff arising out of the Guaranty and has defaulted on their obligations under the Guaranty.

199.     Defendants' breach of his obligations to Plaintiff pursuant to the Guaranty, proximately and directly harmed Plaintiff and this has resulted in Plaintiff suffering financial loss and damage in an amount to be determined at trial, plus all additional interest, costs, attorneys' fees and charges due or to become due pursuant to the Brick Location Franchise Agreement and the Brick Location Guaranty.

200.    Due to Defendants' breach, Tutor Time® seeks all fees, costs and expenses that arise under the Brick Location Franchise Agreement, including under Section 12.14, which entitles Tutor Time® to attorneys' fees and costs.

## AS TO A SEVENTEENTH CAUSE OF ACTION AGAINST DEFENDANTS OLUFEMI PALMER AND ELIZABETH PALMER (BREACH OF THE GALLOWAY LOCATION GUARANTY)

201.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

202.    As set forth herein, Defendants have failed and refused to pay the amounts due under the Galloway Location Agreement, despite Plaintiff's demand of the same.

203.    Upon information and belief, under the terms of the Galloway Location Guaranty, Defendants unconditionally guaranteed to Plaintiff prompt full payment and performance of all obligations that are or become due to Tutor Time®.

204.    On the strength of, and in reliance upon said Galloway Location Guaranty, Plaintiff entered into the Galloway Location Franchise Agreement with Defendant Olufemi Palmer.

205.    Defendants are liable under the Galloway Location Guaranty to Plaintiff, in the full amount due from Defendant Olufemi Palmer, together with all interest thereon, and all reasonable costs and attorneys' fees incurred by Plaintiff pursuant to the terms of the Galloway Location Guaranty.

206.    Plaintiff remains the holder and owner of the subject Galloway Location Guaranty and has met its obligations under the Galloway Location Franchise Agreement and Guaranty.

207.    In multiple correspondences, Plaintiff notified Defendants of the monetary defaults and demanded payment.

208.    Defendants failed to pay and perform their obligations as required by the terms of the Galloway Location Guaranty.

209.    Accordingly, Defendants have failed to perform their obligations to Plaintiff arising out of the Guaranty and has defaulted on their obligations under the Guaranty.

210.    Defendants' breach of his obligations to Plaintiff pursuant to the Guaranty, proximately and directly harmed Plaintiff and this has resulted in Plaintiff suffering financial loss and damage in an amount to be determined at trial, plus all additional interest, costs, attorneys' fees and charges due or to become due pursuant to the Galloway Location Franchise Agreement and the Galloway Location Guaranty.

211.    Due to Defendants' breach, Tutor Time® seeks all fees, costs and expenses that arise under the Galloway Location Franchise Agreement, including under Section 21.17, which entitles Tutor Time® to attorneys' fees and costs.

## AS TO AN EIGHTEENTH CAUSE OF ACTION AGAINST DEFENDANTS OLUFEMI PALMER AND LEARNING EDGE ACADEMY, INC. (UNJUST ENRICHMENT)

212.    Plaintiff repeats, reiterates, re-alleges and incorporates by reference each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

213.    Defendants have been unjustly enriched by the continued use of Plaintiff's Marks and intellectual property after the termination of the Galloway Location Franchise Agreement.

**WHEREFORE**, Tutor Time® Learning Centers, LLC, respectfully requests that an order be entered as against defendants their agents, servants, employees, consultants, attorneys, affiliates,

successors, assigns, officers, directors, any other individuals or entities within their control or supervision, and all others in concert or participation with them as follows:

214.    that Tutor Time® is entitled to a declaratory judgment by this Court that the Galloway Location Franchise Agreement has been effectively and validly terminated according to the terms set forth in the Galloway Location Franchise Agreement and the Termination Letter, due to Defendants' failure to cure the monetary defaults and other breaches of the Galloway Location Franchise Agreement,

215.    that Tutor Time® is also entitled to a declaratory judgment by this Court, that Defendants must comply with all terms of the Galloway Location Franchise Agreement including, but not limited to, payments of all amounts due under the Galloway Location Franchise Agreement and performance of all post-termination obligations,

216.    requiring an accounting and disgorgement of Defendants' income at the Galloway Location Childcare Center from the date Defendants failed to pay all fees required by the operative agreements, through the date that Defendants comply with all post-termination obligations;

217.    requiring an accounting and disgorgement of Defendants' income at the Brick Location Childcare Center from the date Defendants failed to pay all fees required by the operative agreements, through the date that Defendants comply with all post-termination obligations;

218.    judgment in favor of Tutor Time® on its claims for trademark infringement and unfair competition, including without limitation, damages of lost profits and treble damages along with such other and further relief as the Court may deem just and proper;

219.    judgment in favor of Tutor Time® on its claims of unfair competition under New Jersey common law;

220.    judgment in favor of Tutor Time® on its claims of dilution and injury to business reputation under New Jersey Statutory Law;

221.    judgment in favor of Tutor Time® on its claims of dilution and injury to business reputation under Michigan Statutory Law;

222.    judgment in favor of Tutor Time® on its claims for payment due and owing under the Galloway Location Franchise Agreement, including without limitation, the Defendants' obligations for royalties, license fees, advertising fees, late fees, interests charges, plus such amounts as accrue until judgment, costs, attorneys' fees, and expenses;

223.    judgment in favor of Tutor Time® on its claims for payment due and owing under the Brick Location Franchise Agreement, including without limitation, the Defendants' obligations for royalties, license fees, advertising fees, late fees, interests charges, plus such amounts as accrue until judgment, costs, attorneys' fees, and expenses;

224.    judgment in favor of Tutor Time® on its claims of breach of contract of the Galloway Location Franchise Agreement;

225.    judgment in favor of Tutor Time® on its claims of breach of contract of the Brick Location Franchise Agreement;

226.    judgment in favor of Tutor Time® on its claims of additional damages for breach of contract;

227.    judgment in favor of Tutor Time® on its claims of breach of the Brick Location Guaranty;

228.    judgment in favor of Tutor Time® on its claims of breach of the Galloway Location Guaranty;

229.   granting compensatory damages, including but not limited to (i) all monthly fees and other contributions that should be paid to compensate Tutor Time® for the period during which defendants have misused the Tutor Time® Marks and were thereby unjustly enriched, and (ii) damages for past due fees and future fees owed under the Galloway Location Franchise Agreement, together with interest and treble damages;

230.   treble damages pursuant to applicable law;

231.   pre-judgment and post-judgment interest;

232.   judgment awarding reasonable attorney fees and all other costs and expenses of this litigation, including those for which the defendants are liable pursuant to both the Galloway Location Franchise Agreement and the Brick Location Franchise Agreement; and

233.   all such further legal and equitable relief to which Tutor Time® is entitled or this Court deems proper.

Dated:   September 20, 2013

BUCHANAN INGERSOLL & ROONEY PC

By:  ___/s/ Sandra M. Moran_____
          Sandra M. Moran

700 Alexander Park, Suite 300
Princeton, NJ  08540-6347
T 609 987 6800
F 609 520 0360

1290 Avenue of the Americas, 30th Floor
New York, NY  10104-3001
Telephone: (212) 440-4400
Facsimile:   (212) 440-4401

Sandra.Moran@bipc.com (SM-3721)
Stuart.Slotnick@bipc.com (SS-1064)
Lauren.Woods@bipc.com (LW-0518)
*Attorneys for Plaintiff*